NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>BRIAN KEITH WRIGHT,<br><br>Defendant-Appellant. | No.   19-10152<br><br>D.C. No.<br>2:17-cr-00160-JAD-VCF-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted October 18, 2021
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,[**] International Trade Judge.

Brian Wright appeals his conviction after a jury trial for armed robbery of two jewelry stores in Las Vegas. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

**1.** Prior to issuance of the Supreme Court's opinion in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), which holds that a warrant is required to obtain such data, investigators obtained a state court order under the Stored Communications Act (SCA), 18 U.S.C. § 2703(d), to access Wright's historic cell phone location records from his carrier. Invoking *Carpenter*, Wright moved to suppress. The district court denied his motion, applying the good-faith exception to the exclusionary rule. We review the denial of a motion to suppress and the application of the exclusionary rule *de novo*. *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc).

If the affidavit used to obtain the state court order "satisfied the [SCA's] then-lawful requirements," *United States v. Korte*, 918 F.3d 750, 758–59 (9th Cir. 2019), the good-faith exception to the exclusionary rule applies. Under the SCA, the government was required to establish (1) "specific and articulable facts" showing (2) "reasonable grounds to believe" that the information sought was (3) "relevant and material" to an ongoing criminal investigation. *See* 18 U.S.C. § 2703(d).

The affidavit used to obtain the state court order presented "specific and articulable facts" establishing that the phone of a person whom investigators determined was "likely involved" in one of the robberies—Deandre Brown—was in "substantial contact . . . before, during[,] and after" the robbery with a phone investigators determined to be Wright's. These facts established "reasonable grounds to believe"

2

that the information sought would be "relevant and material" to the investigation because the location data for a cell phone in contact with a suspected armed robber before, during, and after the robbery bears on the probability that the phone's user was also involved. The district court therefore did not err in finding the good-faith exception satisfied.

**2.** Wright contends the district court erred by permitting the prosecution to elicit testimony that he persuaded co-defendant Aquail Harris to participate in the robberies by claiming to have successfully robbed jewelry stores before. In admitting this evidence, the district court distinguished between direct evidence of prior robberies and "statements that [Wright] allegedly made to Harris" bragging about prior robberies, the latter of which the court characterized as "inextricably intertwined" evidence necessary to permit the prosecution to offer a coherent story. We review a district court's evidentiary rulings for abuse of discretion and will reverse only if nonconstitutional error more likely than not affected the verdict. *United States v. Whittemore*, 776 F.3d 1074, 1077–78 (9th Cir. 2015).

The district court correctly applied *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995), in finding the testimony of Wright's bragging to be "inextricably intertwined" with the alleged criminal conduct before it. *See also United States v. Beckman*, 298 F.3d 788, 793–94 (9th Cir. 2002); *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). Wright's reliance on *United States*

*v. Green*, 648 F.2d 587 (9th Cir. 1981), fails under Federal Rule of Evidence 403 because *Green* prohibited only evidence that was of inconsequential probative significance or was not addressed to a contested issue. Here, Harris's testimony was probative because it corroborated the government's theory that Wright masterminded the robberies. Finally, the district court limited the prosecution by prohibiting evidence that Wright was charged with a robbery of which he was not convicted and by only allowing testimony that he boasted of his robbery prowess. The point was not whether his statements were true—the point was that he made them to persuade Harris to participate.

**3.** Wright also contends the district court erred in allowing the prosecution to introduce evidence that he made threatening statements to alleged co-conspirators. He argues the evidence was more prejudicial than probative and the statements were not threats. The district court, citing *Ortiz-Sandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996), found that "threats are relevant to consciousness of guilt," and then instructed the prosecution to limit the testimony to ensure the jury would not learn why any of the witnesses were in court or whether they were in custody for any reason.

While *Ortiz-Sandoval* recognized that introduction of evidence of threats poses the risk of a jury convicting because the defendant is a "bad man," the court also noted the threat in that case was "not particularly inflammatory or macabre" and that the district court gave a limiting instruction. *Id.* at 898. Here, the district court

4

gave a limiting instruction substantively identical to the one approved in *Ortiz-Sandoval*, and Wright admits that his statements were not "particularly menacing."

"Under the abuse of discretion standard, the district court's discretion cannot be reversed unless this court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988). Even if Wright is correct that his statements had minimal probative value and were not really threats, the district court's decision to follow *Ortiz-Sandoval* was not a "clear error of judgment."

**4.** Finally, Wright argues that even if no error individually supports reversal, the cumulative weight of all the purported errors warrants a new trial when analyzed as a whole. Because we find his arguments on the individual issues meritless, we likewise find no cumulative error.

**AFFIRMED.**